UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS JAMES CARPENTER, JR.,

        Plaintiff,

v.                                                                          Case No. 3:20-cv-1073-J-34JRK

PUTNAM COUNTY SHERIFF'S OFFICE,
et al.,

        Defendants.
_____

## ORDER

Plaintiff Thomas James Carpenter, Jr., an inmate of the Putnam County Jail, initiated this action by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. He also filed a motion to proceed in forma pauperis. Doc. 2. Carpenter names the Putnam County Sheriff's Office, Lt. Steven Breckenridge, Corporal Laura Lynn Jones, Officer Steven Callahan, and Officer Richie Kelsey as Defendants. Carpenter asserts violations of his "1st appe[a]rance rights, use of force, police misconduct, police perjury, intimidation abuse of authority, failure of medical, bias, ass[a]ult, kidnapping." Complaint at 3.[1] As relief, Carpenter seek monetary damages and requests that Defendants be held accountable and the police misconduct be fixed. Id. at 5.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is

---

[1] For purposes of reference, the Court will cite the page number assigned by the Court's electronic docketing system.

immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him or her of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, in § 1983 suits, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T.,

2

Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Carpenter cannot sustain a cause of action against Defendants.

The entirety of Carpenter's allegations are as follows:

> The facts are, physical evidence (scars), witness, no pictures taken of my injury, officers lied, video footage missing, use of force, police misconduct, I was never taken to 1st appearance, copys [sic] of reports.

Complaint at 6. Carpenter then lists the names of other police officers and inmates who are not named as defendants but were allegedly "invol[v]ed." Id.

A civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Here, Carpenter has not alleged sufficient facts to establish his entitlement to relief. Indeed, he does not claim Defendants violated a particular constitutional right, and his claims are conclusory in nature and devoid of facts that would allow the Court to draw

3

reasonable inferences that Defendants violated Carpenter's constitutional rights. Carpenter has failed to identify with any specificity the alleged misconduct of each Defendant. Instead, Carpenter generally alleges only legal conclusions and fails to provide <u>any</u> factual allegations to support a claim upon which relief can be granted. As such, the Complaint is due to be dismissed without prejudice as conclusory. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678; <u>L.S.T., Inc.</u>, 49 F.3d at 684; <u>Rehberger</u>, 577 F. App'x at 938.

In light of the above, it is

**ORDERED AND ADJUDGED** that:

1.      This case is hereby **DISMISSED WITHOUT PREJUDICE**.

2.      The Clerk of Court shall enter judgment dismissing this case without prejudice, terminating any pending motions, and closing the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of October, 2020.


MARCIA MORALES HOWARD
United States District Judge


Jax-7

c:  Thomas Carpenter, Booking No.: PCSO20JBN000952

4